UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.



JASON DEVANE, individually,

    Plaintiff,

v.   6-12-CV-522-ORL-37DAB

MEDICREDIT, INC., a foreign corporation,

    Defendant.

_____/

## COMPLAINT FOR VIOLATIONS OF THE TCPA
## JURY DEMAND

1.    Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. § 1331 as well as 47 U.S.C § 227, *et seq.* Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3.    Plaintiff, JASON DEVANE, is a natural person, and citizen of the State of Florida, residing in Polk County, Florida.

4.  Defendant, MEDICREDIT, INC., is a foreign corporation with its principal place of business located at Three Cityplace Drive, Suite 690, St. Louis, Missouri 63141.

5.  Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of medical debts.

6.  Defendant regularly collects or attempts to collect debts for other parties.

7.  Defendant was acting as a debt collector with respect to the collection of an alleged debt from Plaintiff.

## FACTUAL ALLEGATIONS

8.  Defendant sought to collect from Plaintiff an alleged debt arising for unpaid medical services.

9.  Based upon information and belief, the alleged debt at issue was owed by someone else.

10. Defendant left the following prerecorded message(s) which were recorded on Plaintiff's cellular telephone voice mail system during the past year:

> *Message #1[1]*
> *Hello, I am calling about important personal business. Please have **MICHAEL ARNOLD** call me back as soon as possible at the following number - **MICHAEL ARNOLD** it is imperative that you call our office today – again, our number is **800-888-2238**.*

---

[1] Script which is both boldfaced and underlined denotes the use of artificial voice technology as well.

*Message #2*
*Hello, I am calling about important personal business. Please have **MICHAEL ARNOLD** call me back as soon as possible at the following number - **MICHAEL ARNOLD** it is imperative that you call our office today – again, our number is **800-888-2238**.*

*Message #3*
*Hello, I am calling about important personal business. Please have **MICHAEL ARNOLD** call me back as soon as possible at the following number - **MICHAEL ARNOLD** it is imperative that you call our office today – again, our number is **800-888-2238**.*

11. Based upon information and belief, Defendant left hundreds of similar or identical messages on other occasions within four years of the filing of this complaint.

12. Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

13. Defendant states in its promotional material the following:

### Predictive Dialing Technology
To maximize the time collectors spend negotiating payment, they are connected to sophisticated, state-of-the-art, collection-based predictive dialing technology. This minimizes call loss, with outbound call loss at less than 5%. Normal industry figures average 10% or more. Our inbound call loss is less than 1%.

Source: http://www.theoutsourcegroup.com/pdf/TOG-brochure.pdf (last accessed on April 3, 2012).

3

14. A predictive dialer is considered an automatic telephone dialing system (ATDS) pursuant to FCC rulings. *See generally*, Griffith v. Consumer Portfolio Serv., Inc., No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

15. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or calls which contained a pre-recorded or artificial voice prior to Defendant's placement of the calls.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Defendants made unsolicited commercial telephone calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or which contained a prerecorded message and/or an artificial voice.

20. The calls were made without the prior express consent of the Plaintiff.

21. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant MEDICREDIT, INC. for:

(a) Statutory damages at $500 dollars per call;

(b) Willful damages at $1500 dollars per call;

(c) An injunction requiring Defendant to cease all communications with Plaintiff in violation of the TCPA;

(d) Reasonable costs; and

(e) Such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 4th day of April, 2012.

> SCOTT D. OWENS, ESQ.
> *Attorney for Plaintiff*
> 664 E. Hallandale Beach Boulevard
> Hallandale, Florida 33009
> Telephone: 954.589.0588
> Facsimile: 954.337.0666
> scott@scottdowens.com
>
> By: /s/Scott D. Owens
> Scott D. Owens, Esq.
> Florida Bar No. 0597651